**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE CARDOZA CARABANTES (A No. 243-162-926),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-03034-JLT-SAB<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Before the Court is Jose Cardoza Carabantes' petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition (Doc. 1).

### I.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.*

*R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II.    FACTUAL BACKGROUND

Petitioner is from El Salvador, and he entered United States in 2022 and was not encountered by federal immigration officials. (Doc. 1 at 2.) On February 19, 2026, Petitioner was detained by Florida Highway Patrol and transferred to ICE custody. (*Id*.) Petitioner is detained at California City Immigration Processing Center in California. (*Id*.)

## III.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally*, Doc. 8.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2. Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing;

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

3